U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 2 9 2012

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GILBERTO NAVARETTE, ET AL.,      §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §   NO. 4:12-CV-377-A
                                 §
BANK OF AMERICA, N.A., ET AL.,   §
                                 §
          Defendants.            §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On May 4, 2012, the above-captioned action was initiated by plaintiffs, Gilberto Navarette and Sergio Zenteno, against defendants, Bank of America, N.A., and Bank of New York Mellon, f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWABS Inc., Asset Backed Certificates, Series 2006-24, in the District Court of Tarrant County, Texas, 352nd Judicial District.  By notice of removal filed June 7, 2012, defendants removed the action to this court, alleging that this court had

subject matter jurisdiction by reason of diversity of
citizenship, as contemplated by 28 U.S.C. § 1332, and that the
amount in controversy exceeded the sum or value of $75,000,
exclusive of interest and costs, as contemplated by § 1332(a).

Defendants contended in the notice of removal that where, as
here, a plaintiff seeks declaratory or injunctive relief, the
value of the object of the litigation constitutes the amount in
controversy. Additionally, defendants argued that when "the
'object of the mortgagor's litigation is the protection of his
entire property,' the fair market value of the property is the
proper measure of the amount in controversy." Notice of Removal
at 3 (brackets and footnote omitted). Plaintiffs in their state
court petition sought to rescind the foreclosure of their
property, and they alleged that the property was appraised at
$88,300.00 and sold at $77,400. These pleadings, according to
defendants, established that the amount in controversy exceeded
the $75,000 jurisdictional minimum.

Because of a concern that defendants had not provided the
court with information that would enable the court to find the
existence of the requisite jurisdictional amount, the court on
June 14, 2012, ordered defendants to file an amended notice of
removal, together with supporting documentation, showing that the
amount in controversy exceeds the jurisdictional amount.

Defendants timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (emphasis added).

looks to the plaintiff's state court petition.  Manguno, 276 F.3d
at 723.  If it is not facially apparent from the petition that
the amount in controversy exceeds the required amount, the
removing party must set forth summary judgment-type evidence,
either in the notice of removal or in an affidavit, showing that
the amount in controversy is, more likely than not, greater than
$75,000.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335
(5th Cir. 1995).  The amount in controversy is measured from the
perspective of the plaintiff.  See Garcia v. Koch Oil Co. of
Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

                              III.

            The True Nature of Plaintiffs' Claims

     The petition by which plaintiffs initiated this action in
the state court does not specify a dollar amount of recovery
sought, nor does it define in any way the value of the right
sought to be protected or the extent of the injury sought to be
prevented.  Rather, the allegations of the petition are typical
of many state court petitions that are brought before this court
by notices of removal in which the plaintiff makes vague,
general, and obviously legally baseless allegations in an attempt
to frustrate the procedures a lender is pursuing, or has pursued,

                               4

to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims.  Having done so, and having considered the authorities and arguments cited by defendants in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal defendants essentially reurge the arguments made in the original notice of removal: that the object of the litigation is the property, and the value of the property constitutes the amount in controversy because plaintiffs seek to rescind the entire foreclosure and recover their home, not just enjoin future action by defendants.

A review of plaintiffs' pleadings, however, makes clear that plaintiffs neither seek, nor claim any right to, title to the property.  While defendants are correct that plaintiffs seek to rescind the foreclosure sale and enjoin defendants from attempting to sell the property, they ask for such relief "so long as plaintiff [sic] makes the agreed payments and otherwise complies with his [sic] obligations to defendant."  Notice of Removal, Ex. A, Pls.' Pet. for Wrongful Foreclosure and Pet. to Enjoin, at 9.  Thus, because plaintiffs apparently seek only to

return matters to the status quo prior to the foreclosure, the court fails to see how either the appraised or sale value of the property constitute the amount in controversy. Further, defendants have failed to show how an order setting aside the foreclosure would establish the value of plaintiffs' interest in the property.

To sum up, defendants have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED June 29, 2012.

_____
JOHN McBRYDE
United States District Judge

6